UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-22320-BLOOM/Valle

**DAVID WHITWAM,**

    Plaintiff,

v.

**JETCARD PLUS, INC.,**

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court upon Defendant JetCard Plus, Inc.'s Motion to Dismiss for Improper Venue, ECF No. [8]. The Court has reviewed the motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Court now **DENIES** Defendant's Motion.[1]

### I. BACKGROUND

On June 23, 2014, Plaintiff David Whitwam ("Plaintiff") filed a one count Complaint against Defendant JetCard Plus, Inc. ("Defendant") alleging breach of contract. *See* ECF No. [1]. The purported breach stems from Defendant's alleged unwillingness to refund a deposit paid by Plaintiff to Defendant. *Id.* Defendant provides charter, passenger jet transportation to individuals wishing to fly on private jets. *Id.* at ¶ 9. In December 2012, Plaintiff entered into an agreement for Defendant's services wherein Plaintiff paid a $150,000.00 refundable deposit to

---

[1] Plaintiff's Response was filed on July 21, 2014. ECF No. [9]. Accordingly, Defendant's Reply was due July 31, 2014. Although Defendants have seemingly opted not to reply, the Motion is nonetheless ripe for adjudication and any subsequent reply brief is untimely.

1

Defendant (the "Contract"). *Id.* ¶ at 11. Upon utilization of Defendant's services, Plaintiff's deposit would be reduced accordingly. *Id.* at ¶ 12. Pursuant to the Contract, if the Plaintiff wished to cancel, he would be entitled to the unused portion of his initial deposit, less a 10% "commitment fee." *Id.* at ¶ 13; *see also* ECF No. [1-3] at 2. In October 2013, Plaintiff exercised his right to cancel, and sought the remainder of his deposit, less the aforementioned fee, totaling $137,844.33. ECF No. [1] at ¶ 14. Defendant did not oblige. *Id.* at ¶ 17.

Section III of the Contract's general terms and conditions contains an arbitration provision which states,

> The parties agree that any controversy, or dispute between the parties arising out of or relating in any way to this Agreement which the parties are unable to resolve buy [sic] mutual negotiation in good faith, shall be submitted to non-binding mediation before a qualified civil court mediator in Miami-Dade, Florida. . . . In the event mediation is unsuccessful, either party may compel the other to resolve the controversy through binding Arbitration in Miami-Dade, Florida, in accordance with the rules of the American Arbitration Association. The decision of the Arbitrator shall be based upon the rights and obligations set forth in this Agreement. Further, the decision shall be binding and may be entered as a judgment *in any court of competent jurisdiction in Miami-Dade, Florida.*

ECF No. [1-3] at 4 (emphasis added). Additionally, the Contract states that disputes "shall be governed by the laws of the State of Florida." *Id.* On April 10, 2014, Plaintiff allegedly sought to compel arbitration. ECF No. [9] at 2. Plaintiff attempted to contact Defendant numerous times regarding arbitration, however, Defendant continued to be unresponsive, even failing to respond to the American Arbitration Association's (the "AAA") inquiries. *See* ECF No. [1-7]. As a result of Defendant's lack of cooperation with respect to arbitration, on June 10, 2014, the AAA declined to administer arbitration in this or any future similar cases. *Id.* at 5. Specifically, the AAA noted that "because [Defendant] has not complied with [its] request to adhere to [the]

policy regarding consumer claims, [it] may decline to administer any other consumer disputes involving this business." *Id.*

Now, Defendant seeks to dismiss Plaintiff's Complaint under Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue. *See* ECF No. [8]. According to Defendant, the arbitration clause contained in the Contract dictates that the proper venue is state court in Miami-Dade County, Florida. *Id.* at 1-2. Plaintiff opposes the motion for two reasons: (1) that Defendant has waived the arbitration provision; and (2) that the clause, read straightforwardly, does not mandate the case to be litigated in state court. *See* ECF No. [9].

## II. LEGAL STANDARD

A party seeking dismissal based on a forum selection clause is properly asserted pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure as a motion to dismiss for improper venue. *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1320 (S.D. Fla. 2000) (citing *Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285, 1290 (11th Cir. 1998)). Typically, when a court considers matters outside the pleadings on a motion to dismiss, such motion must be converted to one for summary judgment; however, on a 12(b)(3) motion, "the court may consider matters outside the pleadings such as affidavit testimony, particularly when the motion is predicated upon key issues of fact." *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004) (internal quotation and citation omitted). When responding to a motion to dismiss under Rule 12(b)(3), the plaintiff bears the burden of demonstrating that venue in the forum is proper. *Id.* (citation omitted). As with a motion to dismiss in general, a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Id*; *see also Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration*

*Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). When those facts are contradicted by the defendant's affidavits, the court must resolve such conflicts in favor of the plaintiff. *Wai*, 315 F. Supp. 2d at 1268. It is through this lens that the Court now evaluates Defendant's motion.

### III. DISCUSSION

Defendant points to the language of the arbitration clause and asserts that Miami-Dade state court is the only appropriate venue for the current litigation absent a "strong showing" that enforcement of the forum selection clause would be unreasonable and unjust. *See Seung v. Regent Seven Seas Cruises, Inc.*, 393 F. App'x 647, 649 (11th Cir. 2010) (citation omitted). The Court disagrees.

First, the Court notes that the language of the arbitration provision is ambiguous and does not plainly command that any disputes related to the Contract must be litigated in state court. Rather, the plain language of the Contract merely states that it is governed by the laws of Florida, and that "*any* court of competent jurisdiction in Miami-Dade, Florida" may review the *arbitrator's decision*. Nowhere does the Contract mandate that a Florida state court has jurisdiction over any disputes arising from the Contract. In fact, the Contract simply delegates where *an arbitration award* may be enforced, not where litigation may be instituted. To the extent the clause is ambiguous it must be construed against the drafter, which, in this case, is Defendant. *See Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985) (citing *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955 (5th Cir. 1974).

Second, Plaintiff has introduced undisputed evidence that Defendant may have voluntarily waived the entire arbitration provision by refusing to respond to Plaintiff's attempts to compel arbitration. *See* ECF No. [9] at 5-6. Defendant cannot expect to enforce certain aspects of the arbitration provision without giving the clause its full effect. Thus, even if it were

4

applicable in governing the appropriate venue for this litigation, the arbitration provision in the Contract does not preclude litigation brought in this Court, arising from the Contract, after failed attempts at initiating arbitration.

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that

1. Defendant JetCard Plus, Inc.'s Motion to Dismiss for Improper Venue, **ECF No. [8]**, is hereby **DENIED**.

2. Defendant is file an Answer to Plaintiff's Complaint no later than August 11, 2014.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 1st day of August, 2014.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record